**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>WILLIAM J. WISE,<br><br>Defendant-Appellant. | No. 17-15129<br><br>D.C. No.<br>3:12-cr-00111-EMC-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted October 17, 2018[**]
San Francisco, California

Before: HAWKINS, HURWITZ, Circuit Judges, and EATON, Judge.[***]

William Wise pleaded guilty to various charges arising out of his involvement

in a Ponzi scheme, including mail fraud, wire fraud, and money laundering. Wise

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

received a prison sentence of 262 months, at the bottom of the applicable Sentencing Guidelines range. He then filed a 28 U.S.C. § 2255 motion arguing that (1) the government had breached his plea agreement by not making a motion for a downward adjustment under U.S.S.G. § 5K1.1 in light of his cooperation, and (2) he received ineffective assistance of counsel.

After the district court denied the motion, we issued a certificate of appealability ("COA") on these two issues, and this timely appeal followed. We have jurisdiction under 28 U.S.C. § 2253 and affirm.

1. The district court did not err in concluding that Wise's breach argument failed. The plea agreement unambiguously stated that the government had sole discretion to decide to file a § 5K1.1 motion. It also stated that Wise had been made no promises not set forth in the agreement, required any modification of the agreement to be in writing, and contained an integration clause. At the change of plea hearing, Wise confirmed that he understood the agreement, and that no promises had been made to him "other than what is in the agreement." The court reminded Wise that, "[t]he agreement does provide that the defendant may seek a downward departure under [§ 5K1.1]. And that matter will be considered and decided upon with respect to any such motions by the United States Attorney's Office." The court also notified Wise that "if I decide to impose a sentence that is different than what you expect, including a sentence more severe than what you expected, then you

2

would not be able to withdraw that guilty plea."

After Wise pleaded guilty, but before sentencing, his counsel notified the court that Wise sought to withdraw the plea and had expressed concern over counsel's competence with regard to § 5K1.1 motions. In response, the court appointed a second lawyer to advise him on these issues. After consulting with that attorney, Wise decided to not withdraw his plea.

Wise received the government's sentencing memorandum, stating that it did not intend to make a § 5K1.1 motion, seven days before sentencing. Wise did not object to that decision in his subsequently filed sentencing memorandum, or at sentencing, where he was represented both by his original attorney and the second court-appointed counsel. Indeed, at sentencing, Wise's counsel expressly stated that "I don't think at this point that we should necessarily look behind the decision not to do the 5K." And, in allocution, Wise made no mention of any government promise.[1]

2. The district court also did not err in finding that Wise had not established that he received ineffective assistance of counsel because his original attorney allegedly failed to advise him that the government might not make a § 5K1.1

---

[1] The government argues that Wise's § 2255 arguments about breach of the plea agreement were barred by a collateral attack waiver in the plea agreement, and were also procedurally defaulted. The district court pretermitted these arguments, and we do not find it necessary to reach them.

recommendation. As the district court noted, even if that allegation were true, Wise did not demonstrate the required prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) ("[T]he defendant must show that the deficient performance prejudiced the defense."). Before surrendering, Wise entered into an agreement with the government that expressly contemplated a guilty plea, and the attorney about whose effectiveness he now complains did not represent him in negotiating the surrender agreement.[2] The district court correctly found that Wise could not establish that he would have not pleaded guilty in the absence of any alleged ineffectiveness.

Nor did the district court err in holding that Wise had failed to demonstrate that, in the absence of any ineffective assistance, the government would have offered, or the court would have accepted, a more favorable plea agreement. The district court noted that it "has never seen in this District a plea deal under which the government guarantees the criminal defendant that it will file a 5K motion." It also stated that because Wise was sentenced to the bottom of his sentencing range, "[t]he only better plea deal would be one under which Mr. Wise would get a below-Guidelines sentence. Mr. Wise has not made any allegations or offered any evidence that the government would have offered a below-Guidelines sentence." Finally, the court observed, "Mr. Wise has not shown there is any reasonable probability that the

---

[2] Wise does not complain about the effectiveness of his other counsel.

4

Court would have accepted such a deal that would have guaranteed a below-Guidelines sentence."

**AFFIRMED.**